IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT LEE WYMORE,**

            **Plaintiff,**

                                          CIVIL ACTION
    vs.                                    No. 06-3057-SAC

**LEROY GREEN, JR., et al.,**

            **Defendants.**


ORDER

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983 by a prisoner at the David Wade Correctional Center, Homer, Louisiana. Plaintiff proceeds pro se and in forma pauperis.

Plaintiff claims his rights were violated (1) by Sheriff Leroy Green, who allegedly allowed plaintiff to be confined in the Wyandotte County Detention Center for approximately 85 days without being taken before a magistrate or district court judge and allowed him to be transported from Kansas to Louisiana by Prisoner Transport Services without a warrant or proper request; and by the Director of the Inter-state Corrections Compact for the State of Kansas, who allegedly allowed plaintiff's illegal detention and confinement to continue and allowed his illegal

release to unauthorized agents for transportation to Louisiana; (2) by Kathleen Collins, Clerk of the Wyandotte County District Court, who allegedly denied plaintiff access to the court; and (3) by the Director of Prisoner Transportation Services of America, who allegedly transported plaintiff without the proper authorization or transfer papers.  (Doc. 1.)

Defendant Green filed a report pursuant to <u>Martinez v. Aaron</u>, 570 F.2d 317 (10th Cir. 1978), (Doc. 10), and plaintiff filed a response (Doc. 12).  The court has examined the pleadings and enters the following order.

**Background**

In September 2002, while incarcerated in Louisiana, plaintiff signed an application for compact service and agreement to return, seeking permission from Louisiana authorities to return to Kansas City, Kansas.  Plaintiff intended to reside with his wife in Kansas City while on parole.

The agreement included the provision that plaintiff would return to Louisiana when instructed by authorities, a waiver of extradition to Louisiana, and an agreement not to contest any effort to return him to Louisiana.  (Doc. 10, Ex. 1.)

In January 2005, plaintiff allegedly violated his parole by making threats of violence against his wife.  Plaintiff's wife filed a petition for a protective order in the Wyandotte County

District Court on January 28, 2005; plaintiff filed a counter-petition against his wife. (Id., Exs. 3-4.)

On January 28, 2005, the Kansas Department of Corrections issued an arrest warrant for the plaintiff, and he was arrested the same day. (Id., Ex. 5.) Plaintiff was placed in the Wyandotte County Detention Center on the parole violation charge and on a prior moving violation from Kansas City, Kansas.

Plaintiff had a first appearance in the Kansas City, Kansas, Municipal Court on January 31, 2005, on the moving violation. He was granted bond, and the matter was set for trial in February 2005. That charge later was dismissed. (Id., Exs. 8 and 9.)

On February 2, 2005, deputies escorted plaintiff to the Wyandotte County District Court for a hearing on the petition for protective order filed by his wife. The court entered a protection from abuse order. (Id., Exs. 10 and 11.)

On February 8, 2005, plaintiff received a Statement of Charges/Notice of Preliminary Hearing from the Kansas Department of Corrections on the parole violation charge. A preliminary hearing was held on February 17, 2005, and concluded in a finding of probable cause. (Id., Exs 2 and 12.) On the same day, the Louisiana Department of Public Safety and Corrections issued a warrant for the arrest and retaking of plaintiff for

3

violation of his Louisiana parole.  (Id., Ex. 13.)

From February 3 to April 11, 2005, plaintiff made approximately 20 requests for legal reference materials, case citations, contact information, writing materials and copies. The requests were granted.  (Id., Ex. 14.)[1]

On April 18, 2005, the Kansas Department of Corrections withdrew its warrant against the plaintiff based upon his imminent return to the custody of Louisiana authorities.

On April 19, 2005, plaintiff was taken into custody at the Wyandotte County Detention Center by an officer from the Elayn Hunt Correctional Facility in St. Gabriel, Louisiana, for return to Louisiana.  (Id., Ex. 17).

In his response to the Martinez report, plaintiff states the report shows that defendant Green violated his protected rights.  He also claims defendant Green violated criminal laws, and he complains that the Martinez report is not supported by pertinent rules and regulations.

In support, plaintiff attaches the violation report issued by the Kansas Department of Corrections' Division of Community and Field Services on January 28, 2005 (Doc. 12, Ex. A), the

---

[1] The court takes notice that plaintiff filed a civil rights action in this court on February 14, 2005.  Case No. 05-3082-GTV, Wymore v. Wymore, et al.

summary of the preliminary hearing conducted by that entity on February 17, 2005, at the Wyandotte County Jail (Exs. B and C), and response letters to the plaintiff from the Governors of Louisiana and Kansas (Exs. D and E).

## Discussion

Plaintiff's claims against defendant Green, the Sheriff of Wyandotte County, allege illegal confinement and the denial of equal protection and due process.  Although he provides little concrete detail, he contends that he "is now going on 1-year of illegal confinement without being brought before any type of judicial hearing, district court judge, or magistrate judge, and was allow[ed] to be transport[ed] across 5-state lines without proper authorization on, supported by, any time of executive authority of the State of Kansas or State of Louisiana...." (Doc. 1, C., 1, (7).)

The record, however, shows that as a condition of his application to serve his parole term in Kansas, plaintiff both agreed to return to Louisiana at any time he was instructed to do so and waived extradition.  (Doc. 10, Ex. 4.)  Plaintiff's waiver of extradition renders any formal request or permission from the requesting and sending state governors unnecessary.

It is likewise clear from the record that plaintiff was given an administrative preliminary hearing on February 17,

2005, to determine whether there was probable cause to support the charge of parole violations, and that he attended court hearings concerning the moving violation charge and the protection from abuse petition filed by his wife.

The court finds no evidence of a violation of due process or equal protection, nor is any factual or legal support for plaintiff's claim of illegal confinement apparent.  Indeed, it appears that plaintiff admitted the violations charged during the administrative hearing.  (Doc. 12, Ex. C.)

Accordingly, the court finds no claim for relief is stated against either Sheriff Green, the state director of the Interstate Corrections Compact, or the Director of Prisoner Transportation Services of America.

Plaintiff's remaining claims allege that defendant Kathleen M. Collins, Clerk of the Wyandotte County District Court, violated his rights by denying him access to the courts. Although plaintiff provides little detail, he claims he was injured by the defendant's "arbitrary ... actions to deny plaintiff equal protection and due process to exercise his rights to try and be release from illegal confinement by the Writ of Habeas Corpus and any other legal means due him" and that she kept him "from any and all judicial hearings...from Jan. 28. 2005 to the month of April on or around the 22nd, 2005",

that she has violated statutory laws and procedures, and committed possible criminal and ethical violations.  (Doc. 1, Attach., pp. 5-6.)

Following an initial review of the complaint, the court directed plaintiff to file a supplement setting out his specific claims against each defendant (Doc. 3).  Plaintiff filed the supplement as directed and contends therein that defendant Collins denied him access to courts.  He claims his rights were violated "by being denied access to the court, and a judicial hearings on protected liberty interests.  Defendant flatly refused plaintiff num[]erous times, and documents will prove her actions, even after her requests to plaintiff for documents and plaintiff ...complied with her request, she still denied ...access to court, and allow plaintiff to remain illegally confined...."  (Doc. 4, p. 3.)

The court must liberally construe the pleadings submitted pro se by the plaintiff.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  However, the court should not assume the role of plaintiff's advocate and should not construct legal argument on his behalf.   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  Having examined the record, the court liberally construes the plaintiff's allegations to assert that the clerk of court violated his rights by rejecting documents submitted

7

for filing by the plaintiff.

In the Tenth Circuit, the absolute immunity of judicial officers from civil liability has been extended to court clerks, who enjoy absolute quasi-judicial immunity when they perform acts integral to the judicial process.  The Tenth Circuit has stated that in examining documents submitted for filing:

> "[A] clerk must have unfettered discretion to review a complaint or other pleadings supporting the issuance of a summons to determine whether the requisite filing requirements have been met and a summons should issue. In such a case, the defense of judicial immunity should generally apply, regardless of procedural error, motive or good faith." Coleman v. Farnsworth, 90 Fed. Appx. 313, 317 (10th Cir. 2004).[2]

In Coleman, the court noted that other circuit courts have reached the same conclusion, citing Smith v. Erickson, 884 F.2d 1108, 1111 (8th Cir. 1989)(finding judicial immunity applicable where clerk delayed filing of a complaint and lied about its whereabouts) and Mullis v. United States Bankr. Ct., 828 F.2d 1385, 130 (9th Cir. 1987)(finding absolute quasi-judicial immunity applicable to clerks who refused to accept an amended complaint).

Because the plaintiff's core complaint against defendant Collins appears to be that she refused to file pleadings he

---

[2]A copy of this unpublished order is attached.

submitted, the court concludes this defendant is entitled to immunity under the rationale of <u>Coleman</u> and the cases cited therein.[3]

## Conclusion

Plaintiff's claims against Sheriff Green, the Director of Prisoner Transport Services of America, Inc., and the Director of the Interstate Compact for the State of Kansas are dismissed for failure to state a claim for relief. It is clear from the materials submitted in the <u>Martinez</u> report that plaintiff waived extradition as a condition of his return to Kansas to serve his parole term and that plaintiff was afforded a hearing on the reported parole violation prior to his transfer to Louisiana officials.

Plaintiff's claim against defendant Collins is dismissed on the basis of quasi-judicial immunity.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Copies of this order shall be transmitted to the plaintiff and to counsel for defendant Green.

---

[3] Although the complaint appears to seek both monetary damages and injunctive relief, the court notes that injunctive relief against defendant Collins is now moot, as plaintiff no longer is incarcerated in Wyandotte County and may not pursue habeas corpus relief related to his confinement in that county.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 20th day of October, 2006.

                                 S/ Sam A. Crow
                                 SAM A. CROW
                                 United States Senior District Judge